**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> MICHAEL QUIROZ, <br><br> Defendant-Appellant. | No. 17-10358 <br> 18-10037 <br><br> D.C. No. <br> 4:11-cr-00794-RCC-DTF-3 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted September 11, 2019[**]
Pasadena, California

Before: RAWLINSON, IKUTA, and BENNETT, Circuit Judges.

Michael Quiroz appeals his convictions for wire fraud and conspiracy, as well as the district court's $2.3 million restitution order. Quiroz challenges the admission of certain loan files as well as the admission of charts summarizing the government's evidence. He also argues that his restitution amount should be offset

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

because the banks he victimized received a bailout from the U.S. Treasury. We affirm.

**1.** Quiroz first argues that the district court erred in admitting files containing loan applications that he prepared that allegedly contained materially false information. Our review is for abuse of discretion. *See United States v. Catabran*, 836 F.2d 453, 456 (9th Cir. 1988).

The loan file records were admissible nonhearsay as they were instrumentalities of the charged crimes, alleged to contain material false statements. *See* Fed. R. of Evid. 801(c). In addition, many parts of the files were nonhearsay because they were statements of a party opponent or statements made in furtherance of a conspiracy. *See* Fed. R. of Evid. 801(d)(2)(A) and (E). And, the files are admissible as records of a regularly conducted activity under Rule 803(6) of the Federal Rules of Evidence, even though the files contained photocopies, *see* Fed. R. Evid. 1003, and were made by an entity other than the custodian, *see United States v. Childs*, 5 F.3d 1328, 1333–34 (9th Cir. 1993). The district court did not abuse its discretion in admitting the loan files.

**2.** The district court also did not abuse its discretion*, see United States v. Meyers*, 847 F.2d 1408, 1411 (9th Cir. 1988), in admitting evidence in summary-chart form. Although this court has "long held that . . . pedagogical devices should be used only as a testimonial aid, and should not be admitted into evidence or

2

otherwise be used by the jury during deliberations," *United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991), the court has never reversed a conviction because the district court improperly received into evidence summary exhibits like those here, *see United States v. Anekwu*, 695 F.3d 967, 981–82 (9th Cir. 2012). The jury was properly instructed, the underlying evidence was admissible, the defendant did not object to the accuracy of the summary, and any error in admitting the charts was harmless. *See id.*

3.      Lastly, Quiroz argues that his restitution amount should have been offset because his victims, several large banks, received bailout funds from the government in 2008. "We review the district court's restitution order 'for an abuse of discretion, provided it is within the bounds of the statutory framework. Factual findings supporting an order of restitution are reviewed for clear error.'" *United States v. Eyraud*, 809 F.3d 462, 467 (9th Cir. 2015) (quoting *United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008)). Here, the Mandatory Victims Restitution Act forecloses the relief Quiroz seeks. *See* 18 U.S.C. § 3664(f)(1)(B). And, in any case, the banks repaid the funds to the Treasury.

**AFFIRMED.**